UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MWATI MCKENZIE,                                          CIVIL NO. 08-164 (PAM/JSM)

    Plaintiffs,

v.                                               REPORT AND RECOMMENDATION

JOAN FABIAN, Commissioner
of Corrections et al.,

    Defendants.

The above matter came before the undersigned United States Magistrate Judge upon Motion to Dismiss Defendants Joan Fabian and Lynn Dingle [Docket No. 25].

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

**I. FACTUAL BACKGROUND**

Plaintiff Mwati McKenzie was convicted of First Degree Murder and sentenced to a term of Life Imprisonment in October of 1991. See Amended Complaint ("Am. Compl.") [Docket No. 19], ¶¶ 8-9, Ex. A (Trial Transcript) at 1501. The actions at issue in the present case occurred while plaintiff was incarcerated at the Minnesota Correctional Facility-Stillwater ("MCF-Stillwater").[1] Id., ¶ 3.

Plaintiff commenced this action in January of 2008 by filing a complaint naming Joan Fabian, Lynn Dingle, and Mary McComb as defendants. See Complaint [Docket

---

[1] Plaintiff is presently incarcerated at the Minnesota Correctional Facility-Oak Park Heights. See Am. Compl., ¶ 3.

No. 1]. Plaintiff subsequently amended his Complaint in June of 2008, naming Fabian, Dingle, and Erik Skon as defendants. See Am. Compl., ¶¶ 4-6. Fabian is the Commissioner of the Minnesota Department of Corrections ("MDOC"). Id., ¶ 5. Dingle is the former warden of the MDOC's Stillwater correctional facility and is currently the Department's Deputy Commissioner for Facility Services. Id., ¶ 4; see also Memorandum of Law in Support of Motion to Dismiss Defendants Joan Fabian and Lynn Dingle ("Defs.' Mem.") at p. 2. According to defendants, Skon, the former Assistant Commissioner for Facility Services, is no longer a MDOC employee.[2] See Defs.' Mem. at p. 2. This action is being brought against defendants in their individual capacities. See Am. Compl., ¶ 7.

Plaintiff alleged that on January 19, 2007, he sent an informal grievance to inmate accounts, claiming that MDOC policies and Minn. Stat. § 611A.64 do not allow for the garnishment of five percent of an inmate's wages as a contribution to the Crime Victims Reparations Board, for aid to the victims of crimes, and asking that all monies garnished from his account be returned. See Am. Compl., ¶ 10. Plaintiff argued in his Offender Kite Form that he did not have to pay money to aid the victims of crimes because his sentence did not include court-ordered restitution. Id., Ex. B. MDOC personnel responded to plaintiff's Kite, finding pursuant to MDOC Policy 300.100, plaintiff had an obligation to pay aid to victims from his wages, in the form of a 5% contribution from his gross wages to the Crime Victims Reparations Board. Id. (January 22, 2007 Response). On January 31, 2007, plaintiff submitted an Offender Grievance

---

[2] As of the date of this Report and Recommendation, defendant has not executed service of the Amended Complaint upon Skon. See Docket No. 32.

form stating that he was opposing the garnishment of his wages under MDOC Policy 300.110, for the purposes of aiding victims of crimes, on the grounds that it was contrary to the mandate set forth in Minn. Stat. § 611A.64. Id., Ex. D. Plaintiff asked that the garnished wages be placed into his spending account and that MDOC employees stop garnishing his wages. Id. MDOC dismissed plaintiff's grievance on the grounds that the deductions were permitted by Minn. Stat. § 243.23. Id., Ex. E. On February 13, 2007, plaintiff submitted a Grievance Appeal form, grieving the garnishment of wages for the purpose of aiding victims of crime pursuant to MDOC policy 300.100 on the grounds that the policy and Minn. Stat. § 243.23 were not applicable to his case, as there was no court order for restitution. Id., Ex. F. On February 28, 2007, Erik Skon dismissed plaintiff's Grievance Appeal, having found no error in the garnishment. Id., Ex. G. Plaintiff alleged that Skon failed to intervene and properly investigate the allegations in his grievances. Id., ¶ 13. Plaintiff also asserted that on March 2, 2007, Fabian failed to intervene, prevent or properly employ oversight into the allegations set forth in his grievances. Id., ¶ 14.

Plaintiff has asserted that all defendants violated his constitutional right to procedural due process under the Fourteenth Amendment. Id., ¶ 16. Specifically, plaintiff alleged that defendants failed to provide him with any pre-deprivation or post-deprivation hearings with regards to the garnishment of his wages. Id. Further, plaintiff asserted that defendants misused MDOC Policy 300.110 and Minn. Stat. § 611A.64 to garnish wages for aiding victims of crimes when there was no court order for restitution. Id. In addition, plaintiff alleged that the failure of the defendants to intervene on his behalf during the grievance process with regards to the garnishment of his wages and

the lack of legal authority for the garnishment violated his due process rights under the Fourteenth Amendment. Id.

As a result of defendants' conduct (or lack thereof), plaintiff seeks declaratory relief in the form of an order declaring that the defendants' actions or omissions violated his rights under the Fourteenth Amendment. Id., ¶ 17. In addition, plaintiff seeks compensatory and punitive damages from defendants, in their personal capacities. Id., ¶¶ 17, 18.

In lieu of an answer, defendants Fabian and Dingle brought a motion to dismiss plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II.   STANDARD OF REVIEW

Defendants have brought a claim for dismissal under Rule 12 of the Federal Rules of Civil Procedure for a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), and for failure to state claim under Rule 12(b)(6).

### A.   Rule 12(b)(1) Motion

Defendants have made a facial challenge to the Court's authority to consider claims for damages against them. "[I]f a plaintiff lacks standing, [a] district court has no subject matter jurisdiction. Therefore, a standing argument implicates Rule 12(b)(1)." See Faibisch v. Univ. of Minnesota, 304 F.3d 797, 801 (8th Cir. 2002).

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), may challenge the plaintiff's complaint either on its face or on the factual truthfulness of its averments. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); see also Osborn v. United States., 918 F.2d 724, 729 n. 6 (8th Cir. 1990). In a facial challenge to jurisdiction, such as the one before this Court, review is restricted to the

pleadings and affords the non-moving party the same protections that it would receive under a Rule 12(b)(6) motion to dismiss. See Osborn, 918 F.2d at 729 n. 6. The court presumes that all of the factual allegations in the complaint concerning jurisdiction are true and will not dismiss the claims unless the plaintiff fails to allege an essential element for subject matter jurisdiction. See Titus, 4 F.3d at 593 (citing Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 731-32 (11th Cir. 1982)); Osborn, 918 F.2d at 729 n. 6.

    **B.**    **Rule 12(b)(6) Motion**

The standard of review to be applied on a Rule 12(b)(6) motion is as follows:

> When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief.
>
> Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions.

Young v. City of St. Charles, Missouri, 244 F.3d 623, 627 (8th Cir. 2001)(internal citations omitted); see also DuBois v. Ford Motor Credit Co., 276 F.3d 1019, 1022 (8th Cir. 2002) (finding that to avoid dismissal under Rule 12(b)(6), the "complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claims."). Consequently, to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is

plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. ---, ----, 127 S.Ct. 1955, 1974 (2007). Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam)

The Court may not consider materials "outside the pleadings" on a motion to dismiss. However, this does not mean that only the complaint itself may be reviewed. As the court noted in Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir.1999):

> When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir.), cert. denied, __U.S.__, No.98-1848, 1999 WL 319349 (U.S. June 24, 1999), as well as materials that are 'necessarily embraced by the pleadings.' Piper Jaffray Cos. v. National Union Fire Ins. Co., 967 F. Supp. 1146, 1152 (D. Minn. 1997). See also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d §1357, at 199 (1990)(court may consider 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint').

Therefore, documents attached to the complaint may be reviewed on a motion to dismiss, since they are part of the pleading.[3]

### III.   DISCUSSION

Defendants Fabian and Dingle have requested that this Court dismiss plaintiff's action against them on the basis that plaintiff has failed to a state claim under 42 U.S.C.

---

[3]   Rule 10(c) of the Federal Rules of Civil Procedure provides: "**(c) Adoption by Reference; Exhibits.** . . . A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."

6

§ 1982. See Defs.' Mem. at pp. 3-4.  In the alternative, defendants argued that to the extent this Court construed plaintiff's action as one under 42 U.S.C. § 1983, plaintiff's procedural due process claim fails because: (1) he does not have a property interest in the withheld wages; (2) he cannot establish that he is entitled to more process than he received; (3) he failed to allege any personal involvement by Fabian; and (4) any claims arising from garnishments that occurred prior to January 22, 2002 are barred by the six-year statute of limitations for § 1983 claims. Id. at pp. 4-14.

### A.     42 U.S.C. § 1982

Section 1982 states that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." The elements of a §1982 claim are 1) membership in a protected class; (2) discriminatory intent on the part of the defendant; and (3) interference with the rights or benefits connected with the ownership of property.  Daniels v. Dillard's, Inc., 373 F.3d 885, 887 (8th Cir. 2004) (citation omitted).  Plaintiff has not alleged in his Amended Complaint that he is part of a protected class or any discriminatory intent on the part of defendants.  Further, plaintiff in his response to the motion to dismiss clarified that his action is rooted in 42 U.S.C. § 1983 and that the § 1982 in his Amended Complaint was a typographical error. See Plaintiff's Response to Defendants' Motion to Dismiss Plaintiff's Claims ("Pl.'s Resp.") at p. 1.  For all these reasons, this Court concludes that plaintiff has failed to state claim for relief under § 1982 and any claim under this section should be dismissed with prejudice.

### B.    42 U.S.C. § 1983

Plaintiff asserted in his Amended Complaint that he was alleging a "civil rights action . . . to redress the deprivation, 'under the color of state law' of rights secured by the constitution and the law of the United States when that deprivation takes place under the color of any statute, ordinance, regulation, custom or usage." Am. Compl., ¶ 1. Section 1983 states in pertinent part "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ." 42 U.S.C. § 1983. Based on the language in plaintiff's Amended Complaint, this Court concludes that plaintiff is attempting to assert an action under § 1983. The Court will now proceed with the merits of defendants' motion dismiss plaintiff's claims under § 1983.

#### 1.    State Claims Under 42 U.S.C. § 1983

Plaintiff asserted that defendants misused MDOC 300.110 and Minn. Stat. § 611A.64 to garnish wages for aiding victims of crimes. See Am. Compl., ¶ 16. Indeed, the thrust of plaintiff's claim is that the MDOC did not have the authority to garnish his wages under MDOC 300.110 and Minn. Stat. § 611A.64 because the sentencing court did not require him to pay restitution. Id.   In his response to the motion to dismiss, plaintiff reiterated his challenge to the authority of the MDOC to garnish his wages under Minnesota State statutes. See Pl.'s Resp. at pp. 8-9. To the extent that plaintiff seeks relief in federal court under § 1983 based on alleged violations of Minnesota laws

or correctional policies, his claims fail to state a claim for relief and therefore should be dismissed. See Nicolaison v. Milczark, 26 Fed. Appx. 596, No. 01-3084, 2002 WL 15669 at *1 (8th Cir. 2002) (citing Marler v. Mo. State Bd. of Optometry, 102 F.3d 1453, 1457 (8th Cir. 1996); Treleven v. Univ. of Minn., 73 F.3d 816, 819 & n. 4 (8th Cir. 1996)); see also Schwindling v. Smith, 777 F.2d 431, 433 (8th Cir. 1985). This is because "a violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983." Marler v. Mo. State Bd. of Optometry, 102 F.3d 1453, 1457 (8th Cir. 1996) (citation omitted).

### 2. Procedural Due Process Claim

Plaintiff also asserted that defendants violated his constitutional right to procedural due process when they failed to give him sufficient process as it related to the garnishment of his wages. See Am. Compl., ¶ 16. Defendants argued that plaintiff, as an inmate, does not have a constitutionally protected interest in wages, and thus cannot make out the first prong of a due process claim. See Defs.' Mem. at pp. 8-10.

A procedural due process claim "is cognizable only if there is a recognized liberty or property interest at stake." Johnson v. City of Minneapolis, 152 F.3d 859, 861 (8th Cir. 1998). For a property interest to arise, a plaintiff must have more than "mere subjective expectancy." Batra v. Board of Regents of the Univ. of Neb., 79 F.3d 717, 720 (8th Cir. 1996). "Property interests are created by existing rules or understandings that stem from an independent source, such as state law." Id.

The Eighth Circuit employs a two-part test to determine whether a state statute or policy is sufficient to create a constitutionally protected property interest:

> A statute, regulation, or official policy pronouncement will give rise to a protected property interest only where (1) it

> contains particularized substantive standards or criteria that guide the decisionmakers, and (2) it uses mandatory language requiring the decisionmakers to act in a certain way, thus limiting the official's discretion.

Jennings v. Lombardi, 70 F.3d 994, 995-996 (8th Cir. 1995) (citing Craft v. Wipf, 836 F.2d 412, 417 (8th Cir. 1987)). "Where the statute or policy is only procedural, or where it grants to the decisionmaker discretionary authority in implementing it, a protected property interest is not created." Id.

Applying the two-part test to this statute, it is clear that plaintiff, as an inmate, does not have a protected property interest in the full amount of his wages, since the Minnesota statute authorizing wages to inmates provides the Commissioner of Corrections with discretionary authority on whether to pay wages to inmates:

> Notwithstanding any law to the contrary, the commissioner of corrections may provide for the payment to inmates of correctional facilities under the commissioner's management and control any pecuniary compensation the commissioner deems proper, the amount of compensation to depend upon the quality and character of the work performed as determined by the commissioner of corrections and the chief executive officer.

Minn. Stat. § 243.23, subd. 1 (emphasis added). The statute also explicitly authorizes the Commissioner of Corrections to make deductions from funds earned by inmate as a "contribution to the Crime Victims Reparations Board. . . ."[4] Id., subd. 3(10). Further, Minnesota law gives MDOC the discretion to, "as a means of assisting in the

---

[4] This Court notes that Minn. Stat. § 243.23, subd. 3(10) provides that a contribution to the Crime Victims Reparations Board "shall not be more than 20 percent of an inmate's gross wages." However, plaintiff's Amended Complaint asserts that the defendants had no right to deduct any amount from his wages to be given to the Crime Victims Reparations Board, and made no assertion that they deducted more than 20 percent from his wages at any given time. Indeed, MDOC Policy 300.1004(B)(2)(h), only allows for a deduction of up to 5% of an inmate's gross compensation as a contribution to the Crime Victims Reparation Board.

rehabilitation of persons committed to their care, establish programs and procedures whereby such persons may contribute toward restitution of those persons injured as a consequence of their criminal acts." Minn. Stat. § 611A.64. MDOC exercised this discretion pursuant to MDOC Policy Nos. 300.110 and 300.1004, which allow for a deduction of up to 5% of an inmate's gross compensation as a contribution to the Crime Victims Reparation Board. See MDOC Policy Nos. 300.110 (Offender Aid to Victims of Crime), 300.1004(B)(2)(h) (Compensation), http://www.doc.state.mn.us/DocPolicy2/html/dpw_main.asp?opt=IE.

The Eighth Circuit, in examining similar statutes, has held that inmates have no state-created property interest in receiving wages:

> Hrbek claims a property interest in the full amount of the wages he earned while in prison pursuant to section 218.42. The Iowa Legislature has provided in section 218.42 that a prisoner <u>may be</u> paid such wage as the director of the institution deems proper under the circumstances. In section 218.43 the Legislature further provided that if the director, in his discretion, pays any wages, <u>he may deduct</u> an amount sufficient to pay all or part of the costs taxed to such inmate by reason of his commitment to the institution. Thus, according to Iowa law, the payment of prison wages is a matter subject to the discretion of the director of the institution and the amount paid, if any, is subject to the condition that it may be reduced to repay court costs.
>
> These statutory provisions clearly establish that Hrbek can assert no legitimate claim of entitlement to the full amount of his wages based upon state law. Hrbek's receipt of the wages pursuant to section 218.42 carried with it the condition expressly set forth in section 218.43 that the amount could be reduced to pay court costs. There is no constitutional right to prison wages and any such compensation is by the grace of the state.

<u>Hrbek v. Farrier</u>, 787 F.2d 414, 416 (8th Cir. 1986) (citation omitted) (emphasis added).

As in Hrbek, Minn. Stat. §§ 243.23 and 611A.64 make wages paid to inmates subject to the discretion of the Commissioner and subject to the condition that wages may be reduced to make contributions to the Crime Victims Reparations Board.  Given the discretionary authority provided to the Commissioner of Corrections, as it pertains to inmate wages and wage contributions by inmates to the Crime Victims Reparations Board, this Court concludes that plaintiff does not have constitutionally protected property interest in the full amount of the wages he earned while in prison, so as to invoke procedural due process protections.  See Jennings v. Lombardi, 70 F.3d 994, 995 (8th Cir. 1995) (noting that there is no constitutionally protected right to prison wages) (citation omitted); see also Robinson v. Cavanaugh, 20 F.3d 892, 894 (8th Cir. 1994) ("Robinson's wage claim fails because he cannot point to any Missouri law that grants him a property interest to the previous higher wage scale."); Hodgson v. Wood, No. 96-2000, 107 F.3d 875, 1997 WL 94704 at *1 (8th Cir. March 6, 1997) (citation omitted) (examining Minnesota law and concluding that an inmate's due process claim pertaining to a deduction of wages failed because Minn. Stat. § 243.23 authorized the deduction of the costs of room and board from wages earned); Manning v. Lockhart, 623 F.2d 536, 538 (8th Cir. 1980) (citing Sigler v. Lowrie, 404 F.2d 659, 661 (8th Cir. 1968), cert. denied, 395 U.S. 940 (1969)) (noting that there is no property or fundamental right in prison wages where such compensation is by the grace of the state).

As such, defendants' Fabian and Dingle's motion to dismiss as it pertains to plaintiff's procedural due process claim should be granted and the claim dismissed with prejudice.[5]

### C.   Defendant Skon

If a plaintiff has not properly served a defendant, then this Court does not have the jurisdiction to entertain the Amended Complaint over that defendant.  Pursuant to Federal Rules of Civil Procedure 4(c) and 4(m), service of the summons and complaint upon a defendant is to occur within 120 days after the filing of the complaint.  Here, plaintiff's Amended Complaint was filed with the Court on June 20, 2008, however, as of the date of this Report and Recommendation, plaintiff has not yet executed service of the Amended Complaint upon Skon.  See Docket No. 32.  The 120-day period in which to serve defendants has expired.  Pursuant to Fed. R. Civ. P. 4(m), where service of a complaint has been ineffective, the Court has two choices: it can dismiss plaintiff's Complaint without prejudice or direct that service be effected within a specified time.

Had Skon been properly served in this action and joined in the motion to dismiss, the Court would have recommended dismissal of the claims against him for the reasons stated forth above as to defendants Fabian and Dingle.  Therefore, the Court finds no

---

[5]  Given that this Court has concluded that plaintiff does not have a constitutionally protected interest in inmate wages, it does not need to reach the issue of whether plaintiff was provided with adequate process or whether defendants are entitled to qualified immunity.  The Court does note that any cause of action based on the alleged unconstitutionality of the garnishment of wages occurring prior January 17, 2002 is time-barred under the six-year statute of limitations that applies to § 1983 claims arising in Minnesota.  See Egerdahl v. Hibbing Community College, 72 F.3d 615, 618, n. 3 (8th Cir. 1995) (civil rights actions brought in Minnesota are subject to a six-year statute of limitations).  Further, the Court notes that plaintiff indicated in his response that was only seeking garnished wages dating back to January 10, 2003.  See Pl.'s Resp. at p. 12, referencing Amended Complaint, Ex. (B)(I).

viable reason to give plaintiff more time to effectuate service of the Amended Complaint on Skon.  Accordingly, the Court concludes that plaintiff's Amended Complaint against Skon should be dismissed without prejudice pursuant to Rule 4(c) and 4(m) for failure to serve Skon within 120-days of the filing of the Amended Complaint.

### **RECOMMENDATION**

For the reasons set forth above and based on all the files, records, and proceedings herein, IT IS RECOMMENDED that:

1. The Motion to Dismiss Defendants Joan Fabian and Lynn Dingle [Docket No. 25] be **GRANTED** and that plaintiff's action against Joan Fabian and Lynn Dingle be dismissed **WITH PREJUDICE**;

2. Plaintiff's Amended Complaint against Erik Skon be dismissed **WITHOUT PREJUDICE**.

Dated: November 21, 2008

           s/ *Janie S. Mayeron*
           JANIE S. MAYERON
           United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 8, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.