UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mwati McKenzie,                                                       Civil No. 08-164 (PAM/JSM)

                      Plaintiff,

v.                                                                    **MEMORANDUM AND ORDER**

Joan Fabian, Commissioner of
Corrections, Lynn Dingle, Chief
Corrections Officer, Erik Skon,
Deputy Assistant Commissioner,

                      Defendants.

---

      This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron dated November 21, 2008. The Court granted Plaintiff additional time to file objections to the R&R. Instead of objections, Plaintiff filed what he terms a "Motion to Amend Amended Complaint or Alter Judgment." Because the time for amending the Amended Complaint is past, and because such amendment would be futile in any event, the Court will construe Plaintiff's Motion as an objection to the R&R.

      According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court will adopt the R&R and dismiss Plaintiff's Amended Complaint.

**BACKGROUND**

Plaintiff Mwati McKenzie is currently serving a life prison term at the Minnesota Correctional Facility in Stillwater, Minnesota. He contends that the prison's policy of garnishing 5% of inmates' wages for a crime victims reparations fund violates his rights under the United States Constitution. His Amended Complaint names as Defendants Joan Fabian, the Commissioner of the Minnesota Department of Corrections ("MDOC"), Lynn Dingle, former warden of MCF Stillwater and current Deputy Commissioner of MDOC, and Erik Skon, who is no longer employed by MDOC. In the Amended Complaint, he contends that the MDOC violated both state law and 42 U.S.C. § 1983 by garnishing his wages without providing him pre- or post-deprivation process, in violation of the Due Process Clause of the Fourteenth Amendment.

**DISCUSSION**

As the R&R held, Plaintiff's state-law claim is not cognizable under 42 U.S.C. § 1983. (See R&R at 8-9 (citing cases).) Because this principle is not debatable, it would be futile to allow Plaintiff to amend his Complaint yet again, and the Court adopts the R&R's dismissal of Plaintiff's claim under state law.

Similarly, the law is clear that Plaintiff has no protectable property interest in his prison wages. (See id. at 10-12 (citing, inter alia, Hrbek v. Farrier, 787 F.2d 414, 416 (8th Cir. 1986)).) Without such a protectable interest, Plaintiff cannot maintain a claim for a violation of his due process rights. The R&R's analysis of this issue is thorough and shows that any attempted amendment to Plaintiff's pleadings would be futile.

**CONCLUSION**

As explained in the well-reasoned R&R, Plaintiff cannot maintain a claim under § 1983 related to the garnishment of his prison wages. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Court **ADOPTS** the R&R (Docket No. 33);

2. Defendants' Motion to Dismiss (Docket No. 25) is **GRANTED**;

3. Plaintiff's Motion to Amend or Alter (Docket No. 36) is **DENIED**;

4. The Amended Complaint against Defendant Erik Skon is **DISMISSED without prejudice**; and

5. The Amended Complaint against Defendants Joan Fabian and Lynn Dingle is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>Tuesday, February 3, 2009</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
